THOMAS A. REYNOLDS ET AL. v. THE TOWN OF WEST HOBOKEN AND PATRICK CANNON.

Argued February 27, 1899—Decided June 12, 1899.

1. The writ of *certiorari* in this case is prosecuted to set aside a resolution of the common council of West Hoboken accepting the work of the contractors in macadamizing of Palisade avenue. The property-owners on the avenue have been assessed for the cost of the work, and have paid their assessments. The allegation of the prosecutors is that the contractor has failed to do the work in accordance with the terms of the contract, and that they are entitled to have the work completed, for which they have been constrained to pay.
2. Assuming all the prosecutors claim to be true, the writ of *certiorari* will not lie; the remedy is in equity.

On *certiorari.*

Before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the prosecutors, *James B. Vredenburgh.*

For West Hoboken, *Augustus A. Rich.*

For Patrick Cannon, *Thomas F. Noonan, Jr.*

The opinion of the court was delivered by

VAN SYCKEL, J.  The writ of *certiorari* in this case is prosecuted to set aside a resolution of the common council of the town of West Hoboken accepting the work of the contractor on the improvement known as the macadamizing of Palisade avenue. The property-owners on the avenue have been assessed for the cost of the work and have paid their assessments.

The allegation of the prosecutors is that the contractor has failed to do the work in accordance with the terms of the contract, and that the property-owners are entitled to have the work completed for which they have been constrained to pay.

Assuming all that the prosecutors claim to be true, the writ of *certiorari* will not lie, and it could furnish no adequate remedy to the assessed landowners, for if the obnoxious resolution were vacated the council might pay voluntarily.

In *Bond* v. *Newark and O'Connor*, 4 *C. E. Gr.* 376, the bill was filed by Bond and others, property-owners on Union street, in Newark, to prevent the city from paying to the defendant O'Connor the full contract price for paving, curbing, guttering and flagging part of Union street, on the ground that O'Connor had not substantially fulfilled his contract and that the city authorities were about to pay him the full contract price in fraud of the property-owners upon whom the cost of the work would fall.

Chancellor Zabriskie held that the property-owners had the right to have the contract made at their expense performed substantially in all things, and that the municipal authorities had no power to dispense with such performance. He declared that willingness on the part of the public corporation to accept and pay for the work which was not performed was a breach of trust on its part which should be enjoined by a court of equity.

In *Collingwood* v. *White*, 12 *Dick. Ch. Rep.* 490, Vice Chancellor Pitney adopted the view of Chancellor Zabriskie and gave equitable relief to the complainants.

The question involved in this case has received the consideration of the Court of Errors and Appeals in the case of *Lodor* v. *McGovern*, 3 *Dick. Ch. Rep.* 275, where the rule applicable to it is clearly stated in the opinion of the court delivered by the late Chief Justice.

The allegation of the bill in that case was that the work was being done by the contractor, both with respect to materials and skill, in violation of his contract, and that the city unjustly and to the manifest damage of the complainant acquiesced in such conduct and was ready to pay for the work at the stipulated price. The complainant was the owner of a lot abutting on the street to be improved and was subject to the assessed for part of the cost of the work.

The Chief Justice said that "upon the assumption that this undertaking is being treated in this objectionable manner, it is manifest that the complainant will sustain a wrong, unless he shall have judicial succor, for he will ultimately be compelled to pay for defective and inferior work and materials at the same rate as though they were perfect and superior. For such a wrong there must be a legal remedy of some sort, and it is obvious that in a common law court such redress cannot be obtained. Before such tribunals the complainant could not in any mode present the question whether this work had been properly done or not, for it has been repeatedly decided by the courts of this state that a landowner thus situated cannot raise such an issue after such work has been done and its cost has been or is being assessed. Necessarily, the citizen thus oppressed has the right to appeal to a court of equity for protection, and consequently the legal authority of the complainant to file this bill by force of the circumstances narrated must be unquestionable. The principle referred to was declared by Chancellor Zabriskie over twenty years ago in these words, viz. : 'The only remedy in such a case, if the city authorities will not resist the claim, is in equity. If the landowners stand by and see the city pay the contractor, they can have no relief against the assessment. This was so held by the Court of Errors and Appeals in a case cited by the counsel of defendant. *State* v. *Jersey City,* 5 *Dutcher* 441.' Equitable jurisdiction was exercised in similar situations in the cases of *Bond* v. *Newark,* 4 *C. E. Gr.* 376 ; *Schumm* v. *Seymour,* 9 *Id.* 143, and in *Liebstein* v. *Newark, Id.* 200." The opinion, however, holds that such bills in equity are pure injunction bills, by which the payment of the contract price to the contractor will be enjoined until the claim of the contractor to the contract price is settled by a jury in a court of law, and such was the purport of the decree advised by Vice Chancellor Pitney in the case of Collingwood v. White, before referred to.

The writ of *certiorari* in this case must therefore be dismissed.